**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,   } | |
| *Plaintiff-Respondent*   } | |
| } | |
| v.   } | CRIMINAL ACTION NO. H-00-30-1 |
| } | CIVIL ACTION NO. H-03-890 |
| JORGE ELIECER CASTRO,   } | |
| *Defendant-Petitioner*   } | |

**MEMORANDUM AND ORDER**

Presently before the Court are Petitioner Jorge Eliecer Castro's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 270), the United States' Answer and Motion to Dismiss (Doc. 273), Petitioner's Traverse to the United States' Answer and Motion to Dismiss (Doc. 274), Petitioner's Motion Seeking Permission to Supplement Pending § 2255 Motion to Vacate (Doc. 280), the United States' Response to Petitioner's Motion Seeking Permission to Supplement His Pending Motion to Vacate Sentence under 28 U.S.C. § 2255 (Doc. 283), Petitioner's Reply to the Response (Doc. 284), and the Magistrate Judge's Memorandum and Recommendation Denying Movant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence and Motion to Supplement § 2255 Motion and Granting the United States's Motion to Dismiss (Doc. 285).

In his Motion to Supplement Petition, petitioner requests that he be allowed to argue through his § 2255 motion that the holding in *Blakely v. Washington*, 542 U.S. 296 (2004) precludes any enhancement of his sentence. (Doc. 283). Although the holding of *Blakely* was not expressly made applicable to the federal Sentencing Guidelines, a majority of the Supreme Court in *United States v. Booker* extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004): "that pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, 'which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury

verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" *See In re Elwood*, 408 F.3d 211, 212 (5th Cir. Apr. 28, 2005) (quoting *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 756 (2005)).  However, the Supreme Court in *Booker* expressly stated that its holdings in the case were applicable only to "all cases on direct review." *Booker*, 125 S.Ct. at 769. Petitioner seeks this relief through collateral review.  Therefore, neither *Blakely* nor *Booker* can be applied retroactively to defendant's sentence and conviction.  *See In re Elwood*, 408 F.3d 211. Accordingly, the Court **ORDERS** that Petitioner's Motion Seeking Permission to Supplement Pending § 2255 Motion to Vacate (Doc. 280) be **DENIED**.

After carefully considering the record and the applicable law, the Court concludes that Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 270) should be **DENIED** and the Government's Motion to Dismiss (Doc. 273) should be **GRANTED**.  Accordingly, this action is **DISMISSED WITH PREJUDICE**.  With the exception of the Magistrate Judge's reasoning for her recommendation that Petitioner's Motion to Supplement the Pending § 2255 Motion to Vacate, the Court adopts the Magistrate Judge's Memorandum and Recommendation (Doc. 285) in full.

**SIGNED** at Houston, Texas, this 20th day of October, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE